IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LOOKIN GOOD PROPERTIES, LLC )
and BARBARA KRINSKY, )
 )
    Plaintiffs, )
 ) CASE NO. CV412-138
v. )
 )
ASCOT CORPORATE NAMES )
LIMITED, an Underwriter of )
Lloyd's London, subscribing )
to Policy ASC1000121 )
 )
    Defendant. )
 )

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant Ascot Corporate Names Limited, an Underwriter at Lloyd's London subscribing to Policy ASC1000121 ("Ascot"). (Doc. 45.) Before ruling on this motion, however, the Court must establish whether it has jurisdiction over the parties. Former Defendant Johnson & Johnson, Inc. ("J&J") removed this action from the Superior Court of Chatham County. (Doc. 1.) Defendant J&J based its removal on this Court's diversity jurisdiction. (Id. ¶ 6.) However, the Notice of Removal is insufficient to establish complete diversity between the parties. On June 14, 2013, Defendant J&J was terminated as a defendant in this case. (Doc. 47.) Accordingly, as the only remaining defendant, Defendant Ascot stands as the party invoking the Court's diversity jurisdiction.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the Notice of Removal does not include a list of the individual members, along with their citizenship, of Plaintiff Lookin Good Properties, LLC ("Lookin Good"). Rather, the notice simply advances the general and factually unsupported conclusion that complete diversity exists between the parties

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding

2

because Plaintiff Barbara Krinsky is a resident of Fulton County, Georgia, Plaintiff Lookin Good is a Georgia limited liability company, and Defendant is a South Carolina corporation with its principal place of business in South Carolina. (Doc. 1 ¶¶ 1-2.) Such a general allegation, however, is insufficient for the party invoking the Court's jurisdiction to carry its burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082.

Accordingly, Defendant Ascot is **DIRECTED** to file an Amended Notice of Removal within **fourteen days** from the date of this order. The amended notice should properly include the citizenship of each party to this case, specifically the names and citizenships of each member of Lookin Good Properties, LLC.

SO ORDERED this 26th day of February 2014.

---

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.