FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 MAR 12 AM 10:39
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LOOKIN GOOD PROPERTIES, LLC )
and BARBARA KRINSKY, )
)
Plaintiffs, )
)
v. ) CASE NO. CV412-138
)
ASCOT CORPORATE NAMES )
LIMITED, an Underwriter of )
Lloyd's London, subscribing )
to Policy ASC1000121 )
)
Defendant. )
)

## O R D E R

Before the Court is a Motion for Summary Judgment filed by Defendant Ascot Corporate Names Limited, an Underwriter at Lloyd's London subscribing to Policy ASC1000121. (Doc. 45.) Plaintiffs Lookin Good Properties, LLC, and Barbara Krinsky have filed a response in opposition. (Doc. 51.) For the following reasons, Defendant's motion is **GRANTED** and Plaintiffs' claims are hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This action stems from Plaintiffs' homeowner's insurance claim following a November 12, 2011 fire on

Plaintiffs' property (the "Second Fire").[1] (Doc. 45, Attach. 6 ¶ 31.) The insurance policy in question provided in part for dwelling coverage of the structures at 836 East Park Avenue, Savannah, Georgia (the "Property") with a policy limit of liability in the amount of $354,114, subject to an 80% coinsurance requirement and a $1,000 deductible (the "Policy"). (Id. at ¶¶ 2-3.)

On May 20, 2011, the Property sustained a fire loss that resulted in damage throughout the structure (the "First Fire"). (Id. ¶¶ 6, 10.) After investigating the damage, both Defendant and Plaintiffs agreed that the Property was a total loss. (Id. ¶ 11.) Plaintiffs executed a sworn statement attesting under oath that the Property was a total loss in exchange for payment equal to the Policy's coverage limits. (Id. ¶ 13.) On August 11, 2011, Defendant paid the Plaintiffs the maximum policy limit of $354,114 for the total loss of the Property, less

---

[1] Although for purposes of a motion for summary judgment all facts are decided in the light most favorable to the nonmoving party, Plaintiffs failed to file an appropriate and timely statement of material facts. Accordingly, the facts contained in Defendant's statement of material facts are deemed admitted. See S.D.L.R. 56.1 ("All material facts set forth in the statement [of material facts] required to be served by the moving party will be deemed to

2

$1,000 for the deductible. (Id. ¶ 17.) In addition, Defendant paid Plaintiffs $17,705.70 to demolish the remaining structure on the Property. (Id. ¶ 18.)

However, Plaintiffs ultimately decided not to demolish the remaining structure. (Id. ¶ 22.) Plaintiffs hired a number of individuals to board up the windows, clear up debris, and perform some basic repairs in anticipation of ultimately renovating the structure for future use. (Id. ¶¶ 23-27.) Plaintiffs also hired an architect to draw up plans for a rebuild of the property. (Id. ¶ 28.)

On November 12, 2011, the Second Fire burned to the ground the remaining structure. (Id. ¶ 31.) On December 8, 2011, Plaintiffs reported the Second Fire to Defendant and indicated the probable amount of loss to be zero dollars. (Id. ¶¶ 32-33.) However, Plaintiffs eventually did seek to recover for losses incurred by the Second Fire. (Id. ¶ 34.)

On April 5, 2012, Plaintiffs brought this action in state court against former defendant Johnson and Johnson,[2]

---

be admitted unless controverted by a statement served by the opposing party.").
[2] Former defendant J&J is the managing general agent for Defendant's insurance policies, but not an insurer in itself. (Doc. 29, Attach. 3.)

3

Inc. ("J&J"), alleging breach of contract and statutory bad faith. (Id. ¶ 35.) Former defendant J&J removed this action to this Court. (Doc. 1.) However, Plaintiffs learned through interrogatories that the real insurer was Defendant, a syndicate of Ascot Corporate Names Limited, an Underwriter at Lloyd's London, subscribing to Policy No. ASC1000121. (Doc. 17 at 3.) Defendant was joined in this case (Doc. 43) and former defendant J&J was terminated after this Court granted summary judgment in its favor (Doc. 47). Subsequently, Defendant moved for summary judgment with regard to all of Plaintiffs' claims (Doc. 45), to which Plaintiffs filed a response (Doc. 51).

## ANALYSIS

I. DOCUMENTS TO BE REVIEWED BY THE COURT

In addition to Defendant's Motion for Summary Judgment (Doc. 45) and Plaintiffs' response (Doc. 51), both parties have filed numerous other documents pertaining to this matter. Defendant filed a reply (Doc. 53) and a surreply (Doc. 61). Plaintiffs filed a Memo in Opposition, along with a purported supplemental statement of material facts (Doc. 56); an Amended Response (Doc. 58); and three surreplies (Docs. 59, 63, 64). Defendants then filed a

Motion to Strike Plaintiffs' third surreply (Doc. 65), to which Plaintiffs filed a response (Doc. 66). However, all of Plaintiffs' filings, with the exception of their second surreply (Doc. 63) and response to Defendant's Motion to Strike (Doc. 66), suffer from various procedural defects. Consequently, before addressing the merits of the underlying motion for summary judgment, the Court must determine which documents are properly before the Court and which should be struck from the record.

On July 9, 2013, one day after the deadline[3] had passed, Plaintiffs filed a response to Defendant's summary judgment motion. (Doc. 51.) Defendant argues, in its reply, that the response should be struck from the record for untimeliness. (Doc. 53 at 3.) On August 7, 2013, Plaintiffs' first surreply was filed two days late. (Doc. 59.) Defendant argues, in its surreply, that this document should also be struck from the record for untimeliness. (Doc. 61 at 1-2.) On September 11, 2013, Plaintiffs filed a third surreply,[4] this time without having given prior

---

[3] The Court had previously granted Plaintiffs an extension to file their response and moved the deadline from July 1, 2013 to July 8, 2013.
[4] Plaintiffs are not immune from the notice requirements and filing deadlines simply because they title their surreply a

5

notice to the Court and seven days late. (Doc. 64.) Defendant subsequently filed a motion to strike this document as untimely and inappropriate (Doc. 65), to which Plaintiffs filed a response[5] (Doc. 66).

While the Court does not approve of Plaintiffs' habitual tardiness in filing, it nonetheless finds that striking the documents in these instances would be overly harsh. When a party submits an untimely filing, it is ultimately the Court's discretion whether to strike or consider the document. Young v. City of Palm Bay, 358 F.3d 859, 863-864 (11th Cir. 2004). The late filings caused no real prejudice to Defendant because it continually had opportunities to respond to Plaintiffs' arguments. The original response (Doc. 51) was only one day late and Defendant duly filed a reply. Consequently, the Court sees no reason to strike it from the record. As to Plaintiffs' surreplies (Docs. 59, 64), the Court has previously taken a liberal stance on such briefs, finding that the notice and

---

supplemental brief. Podger v. Gulfstream Aerospace Corp., 212 F.R.D. 609 n.2 (S.D. Ga. 2003).

[5] In their response, Plaintiffs also argued their original points concerning the Defendant's Motion for Summary Judgment. Because these arguments are clearly beyond the scope of Defendant's Motion to Strike, they will not be considered by the Court.

filing deadlines are for the benefit of the Court, not the opposing party. See Brown v. Chertoff, 2008 WL 5190638 (S.D. Ga. Dec. 10, 2008) (unpublished) ("[F]ailure to satisfy the notice and timing provisions of Local Rule 7.6 cannot be used by an opposing party as a sword to have a brief stricken."). Accordingly, while these documents will be reviewed with caution, the Court declines to strike them from the record.

However, Plaintiffs filed two other documents with far greater problems. On July 22, 2013, Defendant filed its reply and pointed out that Plaintiffs had failed to file a separate statement of material facts along with their response as required by the Southern District of Georgia Local Rules. (Doc. 53 at 3-4.) On July 28, 2013, Plaintiffs attempted to rectify this failure by filing a Memo in Opposition with a purported statement of material facts. (Doc. 56, Attach. 1.) On August 3, 2013, Plaintiffs also filed an Amended Response. (Doc. 58.) In its surreply, Defendant argues against the admission of both of these filings as "untimely and inappropriate." (Doc. 61 at 10.) The Court agrees.

With regard to its purported statement of material facts (Doc. 56, Attach. 1), the Court can discern no reason to accept the document. In their continuing struggle with the procedural requirements of this Court, Plaintiffs submitted this document almost three weeks after it was due, did not seek leave from the Court or give notice of their intent to file it, and did so only after Defendant pointed out in its reply the significance of Plaintiffs' failure. Even if the Court were to excuse Plaintiffs' untimeliness and procedural missteps, the document is still materially defective. As opposed to the short and concise statement of material facts required by Local Rule 56.1, Plaintiffs' statement is almost entirely argumentative, frequently fails to cite to the record, and at times only guesses as to what the facts might be.[6] Furthermore, Plaintiffs' argument that the local rules do not impose a deadline for a statement of material facts is completely without merit. (Doc. 63 at 9.) No reasonable

---

[6] For instance, Defendant's statement of facts includes a reference to Plaintiffs' corporate representative testifying that the Defendant's only wrongdoing was failing to pay the Plaintiffs' claim for the Second Fire. (Doc. 45, Attach. 6 ¶ 36.) Plaintiffs respond in their purported statement of facts that "[i]f he said that, then he

8

interpretation of Local Rule 56.1, which requires that a "[r]esponse to a motion for summary judgment shall be made within twenty-one (21) days of service of the motion" could suggest that the nonmoving party's statement of facts is not due with its response.[7] S.D.L.R. 56.1.

The Court also finds Plaintiffs' Amended Response (Doc. 58) wholly unlike the replies for which the Court granted Plaintiffs leniency. In similarity to their purported statement of material facts, Plaintiffs filed this Amended Response—again without leave from the Court—almost a month after the deadline had passed and well after Defendant had already filed its reply. Plaintiffs' actions amount to nothing more than an attempt to gain an unfair advantage by tailoring their response with the benefit of viewing Defendant's counter-arguments and without the

---

probably was not thinking about the statutory bad faith claim." (Doc. 56, Attach. 1 at 17.)

[7] Plaintiffs also argue, throughout their multiple replies, that their view of the facts is conveyed generally in other documents filed with the Court, thus making a statement of material facts unnecessary. See, e.g., Doc. 63 at 7 (". . . Plaintiff [sic] had already (prior to the Defendant's current MSJ) cited facts in the record [in support of Plaintiff's position.]"). This argument is wholly unpersuasive. The Court has no interest in piecing together Plaintiffs' argument for them or searching through unrelated filings to estimate what Plaintiffs' statement of material facts might have entailed.

burden of a deadline. The Court will not allow Plaintiffs to undermine or subvert the purpose of court procedures.

Plaintiffs are unable to establish good cause as to why these documents should not be struck, stating only that they "forgot that a reply was required to the Defendant's Statement of Material Facts" (Doc. 59 at 2) and that they "poorly planned the time need to complete [their response]" (Doc. 58 at 1 n.1). Plaintiff's sole legal argument on this matter is to suggest that a decision on the merits[8] should not "be avoided on the basis of . . . mere technicalities." Forman v. Davis, 371 U.S. 178, 181 (1962). However, Plaintiffs' failures cannot be described as "mere technicalities." Plaintiffs have shown continual disregard for the procedural rules of this Court and to allow these filings would effectively strip the Local Rules' pleading requirements and deadlines of all meaning. Accordingly, Plaintiffs' purported statement of material facts (Doc. 56, Attach. 1) and Amended Response (Doc. 58) are hereby **STRICKEN** from the record and will not be

---

[8] Despite the striking of these two documents, the Court is nonetheless able to render a decision on the merits. See infra Part III.

considered by the Court in reviewing Defendant's motion for summary judgment.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip.

Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference

from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues that Plaintiffs may not recover for any possible damage incurred by the Second Fire because they exhausted the limits of the Policy after the First Fire. (Doc. 45 at 15.) Specifically, Defendant argues that its initial payment to Plaintiffs accounted for any potential value of the remaining structure. (Doc. 53 at 4-5.) Plaintiffs respond that this is a misstatement of the situation and that the pertinent question is whether the remaining structure had any value at the time of the Second Fire. (Doc. 50 at 16.) Plaintiffs argue that so long as the Policy had not been cancelled, Defendants are liable for the Property's remaining value. (Doc. 59 at 4.)

Defendant's argument hinges on whether its total coverage liability for the structure is restricted on a "policy limit basis" rather than a "per occurrence" basis. (Doc. 45, Attach. 6 ¶ 3; Doc. 53 at 5 n.2.) If Defendant's liability is governed by a policy limit, Plaintiffs will

13

have exhausted their possibility of recovery by receiving the Policy's maximum award after the First Fire. As stated above, Plaintiffs' failure to timely file an appropriate statement of material facts severely hinders their arguments, as the Court now accepts Defendant's factual assertions as admitted. See S.D.L.R. 56.1 ("All material facts set forth in the statement [of material facts] required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party."). Such an admission, however, is not necessarily fatal to Plaintiffs' claims because the Court will not grant summary judgment by default. See United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) ("[A] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed."). Furthermore, a motion for summary judgment may only be granted when appropriate—there must be an evidentiary showing that the moving party is entitled to judgment as a matter of law. Id. To this end, the Court cannot simply accept the factual statements in an unopposed motion as true, "but must ensure that the motion itself is supported by evidentiary materials." Id.

The Court has reviewed the evidentiary record supporting Defendant's statement of facts and finds it has met its burden. The Policy contains two parts: one for the coverage of the Property (Doc. 8, Attach. 1 at 10-23) and a second for liability coverage of the owners (id. at 23-31). The term "occurrence" is used only in the second portion and relates to instances when the owners themselves may incur liability to others. There is no language in the Policy that suggests coverage for the Property is subject to a "per occurrence" limit, and no reasonable jury could find otherwise based on the facts presented. See Richards v. Hanover Ins. Co., 299 S.E.2d 561, 563; 250 Ga. 613, 614 (1983) ("In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms."). Accordingly, the Court finds Defendant's statement that Plaintiffs' recovery is subject to a policy limit basis is sufficiently supported by evidence in the record. Because Plaintiffs already recovered the maximum amount allowed under the Policy,[9] the

---

[9] As further confirmation that the remaining structure's value was already calculated into the award after the First Fire, the total recovery amount included $17,705.50 designated for the demolition of the remaining structure

15

remaining structure's value is entirely irrelevant to this case.

Because the Court has established that Plaintiffs are entitled to no further recovery under the Policy, their bad faith claims fail as a matter of law. Pursuant to O.C.G.A. 33-4-6, a Plaintiff may recover damages for an insurer's bad faith refusal to pay a claim if (1) the claims is covered under the policy; (2) a demand for payment was made against the insurer within 60 days prior to filing suit; and (3) the insurer's failure to pay was motivated by bad faith. BayRock Mortg. Corp. v. Chicago Title Ins. Co., 648 S.E.2d 433, 435; 286 Ga. App. 18, 19 (2007). Because Plaintiffs fail to satisfy the very first element of this requirement, Defendant is entitled to summary judgment as to Plaintiffs' bad faith claims.

The Court finds that Defendant's statement of material facts is sufficiently supported by the evidentiary record, and thus there are no issues of material fact in this case. Accordingly, Defendant is entitled to summary judgment as a matter of law.

---

and clearing of debris on the property. (Doc. 21, Attach. 3

## CONCLUSION

For the foregoing reasons, Plaintiffs have failed to demonstrate that there exist any genuine issues of material fact as to their claims against Defendant. Accordingly, Defendant's Motion for Summary Judgment (Doc. 45) is **GRANTED** and Plaintiffs' claims are hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 12th day of March 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

at 2.)